# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                           |   |                      |
|---------------------------|---|----------------------|
| UNITED STATES OF AMERICA, | ) |                      |
|                           | ) |                      |
| Plaintiff,                | ) |                      |
|                           | ) |                      |
| v.                        | ) | Case No. 08-20003    |
|                           | ) |          09-2342     |
| ROBERT HOLCOMB,           | ) |                      |
|                           | ) |                      |
| Defendant.                | ) |                      |
|                           | ) |                      |

## MEMORANDUM AND ORDER

Robert Holcomb pled guilty to bank robbery and received a 70-month prison sentence. His case is currently before this court on his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (doc. 23). For the reasons set forth below, this motion is denied.

**1.    Background**

Mr. Holcomb entered his guilty plea to one count of bank robbery in March 2008. Following the guilty plea, the presentence investigation report (PSR) was prepared. According to the PSR, Mr. Holcomb had four prior misdemeanor convictions for driving with a suspended license, each of which included a sentence of probation, two for 618 days and two for 730 days. Consistent with § 4A1.2(c), the PSR assessed one criminal history point for each of those four convictions.

Mr. Holcomb objected to these four criminal history points, asserting that the

prison terms for each was under 30 days and thus could not be counted. The Government responded that they each included a period of probation greater than one year, and thus could be counted as criminal history points. The court overruled Mr. Holcomb's objection.

Mr. Holcomb has now filed a § 2255 petition again challenging those criminal history points.

**2.     Standard of Review**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an

2

evidentiary hearing.").

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, Mr. Holcomb must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because Mr. Holcomb "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing

3

*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

**3.  Discussion**

Mr. Holcomb's § 2255 motion identifies two grounds on which he seeks relief: first that his attorney was ineffective, and second that his substantive due process rights were violated. Both claims stem from the same basic issue regarding his criminal history points and the wording of § 4A1.2(c) as amended by Amendment 709.

Amendment 709 to the sentencing guidelines, which took effect on November 1, 2007, before Mr. Holcomb was sentenced, changed the relevant language of the sentencing guidelines. Section 4A1.2 provides definitions and instructions for calculating criminal history points. It provides that all prior felony offenses are counted toward a defendant's criminal history category. U.S.S.G. § 4A1.2(c). Additionally,

> [s]entences for misdemeanor and petty offenses are counted, except as follows: (1) Sentences for the following prior offenses and offenses similar to them [including driving with a suspended license] . . . are counted only if . . . the sentence was a term of probation of ***more than*** one year or a term of imprisonment of at least thirty days . . . .

*Id.* (emphasis added). Amendment 709 inserted the bold language above and deleted the previous wording that said "term of probation of ***at least*** one year." U.S.S.G. app. C

4

Supp. Amend. 709 (emphasis added).

Mr. Holcomb argues that the four criminal history points he received for his misdemeanor convictions were improper. He maintains that he was originally sentenced to *exactly* one year of probation for each of those convictions, but that the probation terms were later increased due to violations of the probation conditions. And thus, because the sentences originally imposed were not *more than* one year, he asserts that they should not be counted toward his criminal history.

Mr. Holcomb had previously requested documents relating to these four convictions (doc. 23). This court granted that motion (doc. 28) and ordered the Probation Office to file the documents that support the relevant paragraphs of the PSR. The Probation Office did so (doc. 29), and the court is now satisfied that each of the four convictions included a sentence of probation of *more than* one year—618 days for two of the convictions and 730 days for the other two. As such, these convictions were properly counted as part of Mr. Holcomb's criminal history.

Given that the convictions were properly counted, Mr. Holcomb's due process rights were not violated and his attorney was not ineffective.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's petition under § 2255 (doc. 23) is denied.

**IT IS SO ORDERED** this 1st day of December, 2009.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge