IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-20003-JWL |
| ) | |
| ROBERT HOLCOMB, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

The *pro se* defendant Robert Holcomb has filed a motion (**doc. 50**) for appointment of an attorney to assist with a garnishment hearing. For the reasons discussed below, that motion is denied.

## I. Background

Mr. Holcomb pleaded guilty to robbing the Gold Bank in Prairie Village, Kansas in violation of 18 U.S.C. § 2113(a) (docs. 19–20). On June 25, 2008, he was sentenced to seventy months imprisonment and ordered to pay $7,658 in restitution and a $100 special assessment (doc. 22). To date, Mr. Holcomb has not made a single restitution payment.

On August 6, 2012, the United States filed a writ seeking to garnish Mr. Holcomb's beneficial interest in the estate of James M. Yates. In response, Mr. Holcomb filed a motion objecting to the garnishment and requesting a hearing on the matter. His objection was taken under advisement pending a hearing before the undersigned U.S. Magistrate Judge, James P. O'Hara. Mr. Holcomb then filed the present motion

requesting that the court appoint an attorney to assist with the garnishment proceedings. In support of his request, Mr. Holcomb contends that he is living in a halfway house with no access to a law library; he has limited computer skills; he has hepatitis C; and he believes he has secondary Hemochromatosis.

## II. Analysis

To determine the applicable standard for appointment of counsel, the court must first address whether post-conviction garnishment proceedings arising out of a restitution order are civil or criminal in nature. 18 U.S.C. §3613(a) provides that the United States may enforce a judgment imposing a fine using the procedures for the enforcement of a civil judgment. Section 3613(f) extends the applicability of this rule to the enforcement of an order of restitution. As such, where the United States seeks to enforce an order of restitution by garnishing a defendant's property, the procedures for enforcing a civil judgment apply.

In consideration of this rule, the Tenth Circuit looks to a defendant's claims in a post-conviction garnishment proceeding to determine whether the action is criminal or civil.[1] In *Stefanoff*, the Tenth Circuit concluded the action was criminal because the defendant's claims did not attack the garnishment proceeding but rather attacked his underlying conviction and sentence.[2]

---

[1] *See United States v. Stefanoff*, No. 97-7044, 1998 WL 327888, at *1 (June 22, 1998).

[2] *Id.*

O:\ORDERS\08-20003-JWL-50.docx

2

Here, Mr. Holcomb seeks to challenge the garnishment proceeding by claiming that his property is exempt from garnishment under 18 U.S.C. § 6334. Accordingly, the action in this case is civil, and the standard for appointment of counsel in a civil matter applies.[3]

In a civil action, there is no constitutional right to appointed counsel.[4] However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case."[5] The decision whether to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that justice requires appointment of counsel.[6] In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the

---

[3] Although the issue has not yet been addressed by the Tenth Circuit, a number of jurisdictions have determined that appointment of counsel is not covered by the Criminal Justice Act (CJA) in post-conviction monetary judgment matters. *See, e.g.*, *United States v. Davis*, 400 Fed. App'x 538, 540–41 (11th Cir. 2010) (There is no statutory right to counsel on a criminal defendant's motion to modify or correct a restitution order.); *United States v. Flores*, No. 10-332-2, 2012 WL 1463602, at *4 (M.D.N.C. Apr. 27, 2012) (The CJA does not encompass post-conviction, criminal monetary judgment collection activity warranting appointment of counsel.); *United States v. Pedro*, No. 06-0513, 2011 WL 2262226, at *3 (D. Ariz. May 16, 2011) ("There is no provision in the [CJA] which authorizes the appointment of an attorney to represent [the defendant] in a post-judgment civil garnishment hearing arising out of a restitution order.").

[4] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[5] *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x. 707, 712 (10th Cir. 2008) (upholding denial of defendant's motions for counsel).

[6] *Castner*, 979 F.2d at 1420.

claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.[7] The court also considers the efforts made by the litigant to retain his own counsel.[8]

Here, the court does not find it appropriate to appoint counsel for Mr. Holcomb. First, the factual and legal issues in this case are not extraordinarily complex. Mr. Holcomb contends that his property is exempt from garnishment under 26 U.S.C. § 6334. Section 6334 exempts the following property from garnishment:

> (1) Wearing apparel and school books . . .
> (2) Fuel, provisions, furniture, and personal effects . . .
> (3) Books and tools of a trade, business, or profession . . .
> (4) Unemployment benefits . . .
> (5) Undelivered mail . . .
> (6) Certain annuity and pension payments . . .
> (7) Workmen's compensation . . .
> (8) Judgment for support of minor children . . .
> (10) Certain service-connected disability payments . . .
> (12) Assistance under the Job Training Partnership Act . . .[9]

Accordingly, the court is faced with a straightforward determination of whether Mr. Holcomb's property falls within one or more of these categories. Second, a review of the papers prepared and filed by Mr. Holcomb indicates that he is capable of presenting his case without the aid of counsel, particularly given the liberal standards governing *pro se*

---

[7] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* Factors to a defendant's request for appointment of counsel).

[8] *Sommerville v. Republic Cnty. Hosp.*, No. 10-4119, 2010 WL 5172995, at *1 (D. Kan. Dec. 14, 2010).

[9] 26 U.S.C. § 6334.

litigants. Third, Mr. Holcomb has made no suggestion that he has attempted to find an attorney to represent him.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. If Mr. Holcomb devotes sufficient efforts to presenting his case, the court is certain that he can do so adequately without the aid of counsel. Mr. Holcomb's request for appointment of counsel is therefore denied.

Mr. Holcomb is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. District Judge, John W. Lungstrum, review this order. A party must file any objections with the 14-day period if the party wants to have appellate review of this order.

Copies of this order shall be sent by regular and certified mail to the pro se plaintiff.

IT IS SO ORDERED.

Dated October 2, 2012, at Kansas City, Kansas.

        s/ James P. O'Hara
        James P. O'Hara
        U. S. Magistrate Judge